# 12-14198-Civ-Moore/Lynch

Martha Cuervo
Debtor Pro Se
625 SW Seagull Terrace
Port St Lucie, FL  34953
(954-732-7310)

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| Martha Cuervo, | ) | |
| | ) | |
| Petitioner, | ) | COMPLAINT |
| | ) | |
| vs. | ) | |
| | ) | |
| HSBC Card Services, Inc. | ) | JUDGE: |
| HSBC Bank, Nevada, N.A. | ) | |
| Credit One Bank | ) | |
| | ) | |
| Defendants | ) | |

COMES NOW Plaintiff, Martha Cuervo, Pro Se, and alleges and states that this is an action brought by an individual consumer for the defendants' violations of the Fair Credit Reporting Act, (Hereinafter "F.C.R.A." or the "Act"), 15 U.S.C. Section 1681, *et seq.,* violations of the Bankruptcy Judge's Discharge Order, and violations of the Federal Trade Commission.

In support of her claims, the plaintiff states the following:

## JURISDICTION & PARTIES

1.    This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. Section 1681, actionable through 28 U.S.C. Section 1331, and other provisions of the law.

2.    Venue is proper in this court for the reason that the events and transactions on which the claims are based took place in this judicial district.

3.    That the plaintiff is a resident of Port St. Lucie County, State of Florida.

4.    Defendants HSBC Bank and it's affiliate HSBC Bank, Nevada, N.A.,

(hereinafter collectively "HSBC Defendants") are corporations with principal places of businesses in Illinois and Nevada, and are doing business in the state of Florida.

5.    Defendant Credit One Bank (hereinafter "Credit One") is a corporation headquartered in Las Vegas, Nevada, and is doing business in Florida and elsewhere.

<u>CAUSE OF ACTION</u>
<u>VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA)</u>

6.    Plaintiff is a natural person and a "consumer" within the meaning of 15 U.S.C. Sections 1681a(b)and (c ) of the F.C.R.A.

7.    HSBC Defendants are "Credit Card Issuers" within the meaning of 15 U.S.C. Section 1681a(r )(1)(A).

8.    HSBC Defendants issued plaintiff credit cards within the meaning of 15 U.S.C. Section 1681a(r )(2) on or about March, 2003, and May, 2005.

9.    Credit One is a "Credit Card Issuer" within the meaning of 15 U.S.C. Section 1681a(r )(1)(A).

10.    Credit One issued plaintiff a credit card within the meaning of 15 U.S.C. Section 1681a(r )(2) on or about June, 2007.

11.    Plaintiff claimed bankruptcy on September 27, 2010, in the United States Bankruptcy Court, Southern District of Florida, Case No. 10-39068.

12.    Plaintiff's debts were discharged on January 3, 2011.

13.    HSBC Defendants and Credit One were both listed as creditors on Plaintiff's Schedule F, Non-Priority Unsecured Creditors.

14.    Since discharge Plaintiff has monitored her credit report and has applied for various employment opportunities.

15.    Alpine Access Recruiting, a recruiting agency having access to hundreds of employers, has repeatedly informed Plaintiff that she cannot

be considered for employment until HSBC and Credit One debts are reported as discharged in her bankruptcy case with a $0 balance.

16.    Plaintiff contacted Defendants HSBC and Credit One numerous times beginning in January, 2011, requesting Defendants to report to the credit bureaus that Plaintiff's accounts are discharged in the Chapter 7 bankruptcy and reflect a zero-dollar or blank account balance.

17.    HSBC Defendants wrote a letter to Plaintiff on October 19, 2011, explaining that the account number ending in 7301 will be reported to the three major consumer-reporting agencies as follows:  "Account was sold the SHERMAN."  (See Exhibit "A" attached hereto.)

18.    Credit One informed Plaintiff by telephone on or about January 24, 2012, that is it not their policy to recognize the bankruptcy once the loan has been sold to a collection agency.

19.    The Fair Credit Reporting Act makes it clear that a debt discharged in bankruptcy must be listed as having a -0- balance.  FTC OSC Section 607, Item 6 states:  "A consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

20.    Defendants HSBC and Credit One failed to employ reasonable procedures to timely and properly reinvestigate the accuracy of the erroneous negative data upon notification by plaintiff that such information is erroneous, in violation of 15 U.S.C. Section 1681i and other provisions of the F.C.R.A.

21.    Defendants HSBC and Credit One failed to properly investigate the accuracy of said data, in violation of 15 U.S.C. Sections 1681s2-b.

22.    Defendants HSBC and Credit One are in violation of 15 U.S.C. Section 1681s-2(a)(B)(i)(ii)  by reporting information that they have reasonable cause to believe is inaccurate after proper notice by consumer

Page 3

and the information is in fact, inaccurate.

23.    Defendants HSBC and Credit One are in violation of 15 U.S.C. Section 1681s-2(a)(1)(A) by  reporting information after notice and confirmation of errors with actual knowledge of errors.

24.    Defendants HSBC and Credit One are in violation of 15 U.S.C. Section 1681s-2(A)(B) by failing to correct and update Plaintiff's information and reporting such updates to consumer reporting agencies.

25.    Defendants HSBC and Credit One are in violation of 15 U.S.C. Section 1681s-2(3) by failing to provide notice of Plaintiff's disputes to consumer reporting agencies that such reports are disputed.

26.    Defendants HSBC and Credit One, through their actions and inactions caused great and irreparable injury to the plaintiff, and their noncompliance with the F.C.R.A. was willful and/or negligent in violation of 15 U.S.C. Section 1681n and 15 U.S.C. Section 1681o.

27.    Defendants HSBC and Credit One's reporting systems  are defective and do not comply with the F.C.R.A. and other laws governing its actions.

28.    Defendants HSBC and Credit One's reinvestigation systems are flawed and systematically do not provide for the use of evidence submitted by plaintiff in the reinvestigation of plaintiff's dispute.

29.    Defendants HSBC and Credit One's documentation systems do not meet the requirements of the FACTA amendments to the F.C.R.A.

30.    Defendants HSBC and Credit One have improperly posted accounts and other credit data to consumer reporting agencies.

31.    In addition to actual and compensatory damages, the Defendants HSBC and Credit One are liable to the plaintiff in a sum to be assessed by the trier of fact for punitive damages for willful violations of the F.C.R.A.

Wherefore, Plaintiff prays for judgment against Defendants HSBC and Credit One for all actual and reasonable damages she sustained, including

Page 4

but not limited to compensatory damages associated with the costs of adverse credit actions and being denied credit, the costs incurred in repairing her credit history, out of pocket expenses, mental anguish, emotional distress, and statutory damages in the amount of $1,000.00, such punitive damages as the court or the trier of fact shall assess, statutory legal fees and the costs of this action, and for such other and further relief as the court shall deem appropriate.

Respectfully submitted this ___ day of _____, 2012.


_____
Martha Cuervo
Plaintiff Pro Se

Page 5

Martha Cuervo
Debtor Pro Se
625 SW Seagull Terrace
Port St Lucie, FL  34953
(954- 732-)7310

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| Martha Cuervo, | ) | |
| | ) | |
| Petitioner, | ) | COMPLAINT |
| | ) | |
| vs. | ) | |
| | ) | |
| HSBC Card Services, Inc. | ) | JUDGE: |
| HSBC Bank, Nevada, N.A. | ) | |
| Credit One Bank | ) | |
| | ) | |
| Defendants | ) | |

—

COMES NOW Plaintiff, Martha Cuervo, Pro Se, and alleges and states that this is an action brought by an individual consumer for the defendants' violations of the Fair Credit Reporting Act, (Hereinafter "F.C.R.A." or the "Act"), 15 U.S.C. Section 1681, *et seq.,* violations of the Bankruptcy Judge's Discharge Order, and violations of the Federal Trade Commission.

In support of her claims, the plaintiff states the following:

<u>JURISDICTION & PARTIES</u>

1.    This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. Section 1681, actionable through 28 U.S.C. Section 1331, and other provisions of the law.

2.    Venue is proper in this court for the reason that the events and transactions on which the claims are based took place in this judicial district.

3.    That the plaintiff is a resident of Port St. Lucie County, State of Florida.

4.    Defendants HSBC Bank and it's affiliate HSBC Bank, Nevada, N.A.,

(hereinafter collectively "HSBC Defendants") are corporations with principal places of businesses in Illinois and Nevada, and are doing business in the state of Florida.

5.     Defendant Credit One Bank (hereinafter "Credit One") is a corporation headquartered in Las Vegas, Nevada, and is doing business in Florida and elsewhere.

<u>CAUSE OF ACTION</u>
<u>VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA)</u>

6.     Plaintiff is a natural person and a "consumer" within the meaning of 15 U.S.C. Sections 1681a(b)and (c ) of the F.C.R.A.

7.     HSBC Defendants are "Credit Card Issuers" within the meaning of 15 U.S.C. Section 1681a(r )(1)(A).

8.     HSBC Defendants issued plaintiff credit cards within the meaning of 15 U.S.C. Section 1681a(r )(2) on or about March, 2003, and May, 2005.

9.     Credit One is a "Credit Card Issuer" within the meaning of 15 U.S.C. Section 1681a(r )(1)(A).

10.    Credit One issued plaintiff a credit card within the meaning of 15 U.S.C. Section 1681a(r )(2) on or about June, 2007.

11.    Plaintiff claimed bankruptcy on September 27, 2010, in the United States Bankruptcy Court, Southern District of Florida, Case No. 10-39068.

12.    Plaintiff's debts were discharged on January 3, 2011.

13.    HSBC Defendants and Credit One were both listed as creditors on Plaintiff's Schedule F, Non-Priority Unsecured Creditors.

14.    Since discharge Plaintiff has monitored her credit report and has applied for various employment opportunities.

15.    Alpine Access Recruiting, a recruiting agency having access to hundreds of employers, has repeatedly informed Plaintiff that she cannot

Page 2

be considered for employment until HSBC and Credit One debts are reported as discharged in her bankruptcy case with a $0 balance.

16.    Plaintiff contacted Defendants HSBC and Credit One numerous times beginning in January, 2011, requesting Defendants to report to the credit bureaus that Plaintiff's accounts are discharged in the Chapter 7 bankruptcy and reflect a zero-dollar or blank account balance.

17.    HSBC Defendants wrote a letter to Plaintiff on October 19, 2011, explaining that the account number ending in 7301 will be reported to the three major consumer-reporting agencies as follows:  "Account was sold the SHERMAN."  (See Exhibit "A" attached hereto.)

18.    Credit One informed Plaintiff by telephone on or about January 24, 2012, that is it not their policy to recognize the bankruptcy once the loan has been sold to a collection agency.

19.    The Fair Credit Reporting Act makes it clear that a debt discharged in bankruptcy must be listed as having a -0- balance.  FTC OSC Section 607, Item 6 states:  "A consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

20.    Defendants HSBC and Credit One failed to employ reasonable procedures to timely and properly reinvestigate the accuracy of the erroneous negative data upon notification by plaintiff that such information is erroneous, in violation of 15 U.S.C. Section 1681i and other provisions of the F.C.R.A.

21.    Defendants HSBC and Credit One failed to properly investigate the accuracy of said data, in violation of 15 U.S.C. Sections 1681s2-b.

22.    Defendants HSBC and Credit One are in violation of 15 U.S.C. Section 1681s-2(a)(B)(i)(ii)  by reporting information that they have reasonable cause to believe is inaccurate after proper notice by consumer

Page 3

and the information is in fact, inaccurate.

23.    Defendants HSBC and Credit One are in violation of 15 U.S.C. Section 1681s-2(a)(1)(A) by  reporting information after notice and confirmation of errors with actual knowledge of errors.

24.    Defendants HSBC and Credit One are in violation of 15 U.S.C. Section 1681s-2(A)(B) by failing to correct and update Plaintiff's information and reporting such updates to consumer reporting agencies.

25.    Defendants HSBC and Credit One are in violation of 15 U.S.C. Section 1681s-2(3) by failing to provide notice of Plaintiff's disputes to consumer reporting agencies that such reports are disputed.

26.    Defendants HSBC and Credit One, through their actions and inactions caused great and irreparable injury to the plaintiff, and their noncompliance with the F.C.R.A. was willful and/or negligent in violation of 15 U.S.C. Section 1681n and 15 U.S.C. Section 1681o.

27.    Defendants HSBC and Credit One's reporting systems  are defective and do not comply with the F.C.R.A. and other laws governing its actions.

28.    Defendants HSBC and Credit One's reinvestigation systems are flawed and systematically do not provide for the use of evidence submitted by plaintiff in the reinvestigation of plaintiff's dispute.

29.    Defendants HSBC and Credit One's documentation systems do not meet the requirements of the FACTA amendments to the F.C.R.A.

30.    Defendants HSBC and Credit One have improperly posted accounts and other credit data to consumer reporting agencies.

31.    In addition to actual and compensatory damages, the Defendants HSBC and Credit One are liable to the plaintiff in a sum to be assessed by the trier of fact for punitive damages for willful violations of the F.C.R.A.

Wherefore, Plaintiff prays for judgment against Defendants HSBC and Credit One for all actual and reasonable damages she sustained, including

Page 4

but not limited to compensatory damages associated with the costs of adverse credit actions and being denied credit, the costs incurred in repairing her credit history, out of pocket expenses, mental anguish, emotional distress, and statutory damages in the amount of $1,000.00, such punitive damages as the court or the trier of fact shall assess, statutory legal fees and the costs of this action, and for such other and further relief as the court shall deem appropriate.

Respectfully submitted this ___ day of _____, 2012.


_____
Martha Cuervo
Plaintiff Pro Se

**ReadyPost.**

Utility Mailer

From:
M Cuerro
635 S.W. Seagull Tr.
Port St. Lucie, FL.
34953



CERTIFIED MAIL

7011 3500 0002 9009 4025

To:
U.S. District Court
Civil Court Clerk's Office
299 E. Broward Blvd.
Suite 108
Ft. Lauderdale, FL. 33301

US POSTAGE
PORT SAINT LUCIE, F
MAY 30 12
AMOUNT
$7.00
00065864-05
1000
33301